**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109357

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN P. NICHOLS,<br><br>  Plaintiff,<br><br>vs.<br><br>PERFORMANT RECOVERY INC.,<br><br>  Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

BRIAN P. NICHOLS (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against PERFORMANT RECOVERY INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Livermore, California.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

14. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

19. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

20. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

21. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

22. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

23. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

24. Defendant's letter states, "Claim of: New York HESC."

25. Defendant's letter states, "Original Creditor: Citibank ELT Student Loan."

26. Defendant's letter directs Plaintiff to, "remit the entire balance of your account, made payable to our client," without ever identifying who is Defendant's client.

27. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

28. The least sophisticated consumer would likely be confused as to whether the creditor to whom the debt is owed is "New York HESC," or "Citibank ELT Student Loan," or

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

Defendant's unnamed "client," or the unnamed current creditor.

29. The least sophisticated consumer would likely be uncertain as to whether the creditor to whom the debt is owed is "New York HESC," or "Citibank ELT Student Loan," or Defendant's unnamed "client," or the unnamed current creditor.

30. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

31. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

32. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

33. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

34. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the Creditor to Whom the Debt is Owed

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

38. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

39. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

40. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

41. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

42. The least sophisticated consumer would likely be deceived by Defendant's conduct.

43. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

44. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

47. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

48. Defendant's letter provides, "If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

49. Defendant's letter fails to advise of what Plaintiff must notify Defendant.

50. Defendant's letter fails to provide the statement required by 15 U.S.C. § 1692g(a)(4).

51. Defendant's letter fails to track the language required by 15 U.S.C. § 1692g(a)(4).

52. Defendant's letter fails to provide that Defendant's obligation to obtain verification and mail it to Plaintiff is only triggered if the Plaintiff's written notification disputes the debt, or any portion of the debt.

53. Defendant's letter fails to explain that Defendant's obligation to obtain verification and mail it to Plaintiff is only triggered if the Plaintiff's written notification disputes

the debt, or any portion of the debt.

54. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

55. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer or unsophisticated consumer uncertain or confused as to her rights.

56. Defendant's letter would likely make the least sophisticated consumer or unsophisticated consumer uncertain as to what she must notify Defendant of to trigger Defendant's obligation to obtain and provide verification.

57. Defendant's letter would likely make the least sophisticated consumer or unsophisticated consumer confused as to what she must notify Defendant of to trigger Defendant's obligation to obtain and provide verification.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

58. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

59. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

60. The written notice must contain the amount of the debt.

61. The written notice must contain the name of the creditor to whom the debt is owed.

62. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

63. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

64. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

65. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

66. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

67. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

68. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

69. Demanding immediate payment without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

70. Demanding immediate payment without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

71. Defendant has demanded Plaintiff make payment during the validation period.

72. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to dispute the debt.

73. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to demand validation of the debt.

74. Defendant has demanded Plaintiff make payment during the validation period without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

75. Defendant's demand for payment would likely make the least sophisticated consumer uncertain as to her rights.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

76. Defendant's demand for payment would likely make the least sophisticated consumer confused as to her rights.

77. Defendant has violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

78. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

79. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

80. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

81. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

82. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

83. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

84. The least sophisticated consumer would likely be deceived by Defendant's conduct.

85. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

86. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**SIXTH COUNT**
**Violation of New York General Business Law § 349**

87. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

88. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

89. Defendant's conduct as described herein shows a lack of exercise of reasonable

care in Defendant's collection of the alleged debt.

90. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

91. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

92. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

93. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

94. Plaintiff is a reasonable consumer.

95. Defendant's conduct would mislead a reasonable consumer.

96. Defendant engaged in a material deceptive act or practice as described herein.

97. Defendant's conduct caused plaintiff to suffer injury.

98. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

99. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Damages against Defendant pursuant to NYGBL § 349; and

d. Plaintiff's actual damages; and

e. Plaintiff's costs; all together with

f. Such other relief that the Court determines is just and proper.

DATED: July 2, 2015

        **BARSHAY SANDERS, PLLC**

        By: \_/s/ Craig B. Sanders_____
        BARSHAY SANDERS, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 109357